**MORECO ENERGY, INC., an Illinois corporation, Plaintiff,**

v.

**PENBERTHY–HOUDAILLE, a Delaware corporation, Defendant.**

**No. 86 C 20153.**

United States District Court, N.D. Illinois, W.D.

July 20, 1987.

Kevin T. McClain, Immel, Zelle, Ogren, McClain & Germeraad, Springfield, Ill., for plaintiff.

Stuart R. Lefstein, Katz, McAndrews, Durkee, Balch & Lefstein, P.C., Rock Island, Ill., Neil R. Mitchell, Gregory C. Ward, Nisen, Elliott & Meier, Chicago, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

The action now comes before the court on the motion of the defendant Pemberthy–Houdaille, Inc. On the basis of the briefs, and for the reasons set out below, the court grants the motion to dismiss and allows the plaintiffs twenty-one days to file an amended complaint.

## BACKGROUND

Moreco Energy, the plaintiff, reprocesses used motor oil. In November of 1984, Moreco by prior agreement picked up four loads of waste oil from Penberthy, the defendant. Moreco is located in Rock Island, Illinois, in the Central District of Illinois. Pemberthy is located in Prophetstown, Illi-

nois, in the Northern District of Illinois. Moreco tested the Pemberthy Oil at the Moreco facility. Moreco determined that the oil contained polychlorinated bipheonols (PCBs) in concentrations in excess of fifty parts per million. This concentration is in violation of the standards of the Toxic Substances Control Act, (TSCA), 15 U.S.C. §§ 2601-2629. Moreco asserts that Penberthy should have known of the contamination and that delivery of the oil was in breach of contract and in violation of the TSCA.

The parties brought this action in the Central District. The jurisdictional action of the TSCA lays venue in the district "in which the alleged violation occured, or which the defendant resides, or in which the defendant's principal place of business is located." 15 U.S.C. § 2619(a). Judge Mihm determined that, for the purposes of the motion to dismiss, that the violation occurred in Prophetstown. Because the defendants were also in Prophetstown, Judge Mihm transferred the action to this district.

The parties now seek from this court rulings on two other grounds of the motion to dismiss. The defendants claim first that the EPA is pursuing this action and consequently forecloses private actions and second that the action fails to state a claim.

## DISCUSSION

The defendants have filed one supplementary ground to their motion to dismiss in this court. The plaintiffs complain that the defendants refuse to retrieve the contaminated oil and that the oil remains in Rock Island. The defendants contend that Judge Mihm's ruling that the violation occurred in Prophetstown ended the argument that the existence of the contaminated oil in Rock Island is an ongoing violation. This court disagrees. Judge Mihm stated that his holding was only for the purposes of the motion to dismiss. Judge Mihm may have overlooked the technical problems of his ruling but it is clear this court has jurisdiction and this court will not assume that Judge Mihm ruled on any issue sub silentio.

The next basis on which the defendants seek dismissal is 15 U.S.C. § 2619(b)(1)(B) which disallows a private action "if the Administrator has commenced and is diligently prosecuting a proceeding for the issuance of a [notice of noncompliance]." The defendants claim that the Environmental Protection Agency (EPA) is prosecuting such a proceeding. The plaintiffs respond that the proceeding does not involve the defendants' oil. Quite briefly this issue takes in facts outside of the pleadings and, if meritorious at all, should be the subject of a motion for summary judgment.

The last basis on which the defendants seek to dismiss is the question of ongoing violation. The defendants contend that any violation could only have been the defendants' holding or delivering the contaminated oil to the plaintiffs. The defendants then argue that the TSCA only provides for private actions against ongoing violations. The plaintiff's response is two fold. First the plaintiff asserts that it has alleged ongoing violation of the TSCA because the plaintiffs seek to have the defendants remove the contaminated oil. Second, the plaintiffs assert that it may seek civil penalties under TSCA.

The court will evaluate these out of order. Again, section 2619 is the relevant section. Section 2619(a)(1) allows a civil action against any person "who is alleged to be in violation of this chapter or any [standard of the EPA]." 18 U.S.C. § 2619(a)(1). The defendants argue that "to be in violation" requires an ongoing violation. The defendants state that the purpose of the Act is to allow private actions to enjoin violators of the Act, not to create a private damage suit for past violations.

Three circuits have evaluated whether or not section 2619 requires an ongoing violation. *Pawtuxet Cove Marina, Inc. v. Ciba–Geigy Corp.*, 807 F.2d 1089 (1st Cir. 1986); *Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.*, 791 F.2d 304 (4th Cir.1986), *cert. granted*, — U.S. ——, 107 S.Ct. 872, 93 L.Ed.2d 827 (1987); *Hamker v. Diamond Shamrock Chemical*

*Co.,* 756 F.2d 392 (5th Cir.1985). They have arrived at three different solutions.

The Fourth Circuit alone has determined that the statute does not require an ongoing violation. *Gwaltney,* 791 F.2d at 309. The Fourth Circuit reasoned that a defendant was "in violation" until some remedy expunged the violation. *Id.* The Supreme Court has granted certiorari to the Fourth Circuit in *Gwaltney.* — U.S. —, 107 S.Ct. 872, 93 L.Ed.2d 827 (1987). The Fifth Circuit took an opposite approach in *Hamker.* The Fifth Circuit determined that "in violation" suggested an ongoing violation. *Hamker,* 756 F.2d at 394–96. The Fifth Circuit construed the act to place primary enforcement authority in the EPA, providing private rights only to supplement injunctive relief. *Id.* at 396. The First Circuit in *Pawtuxet Cove* sided with *Hamker* without citing *Hamker.* The First Circuit did not go so far as the blanket restriction on damage actions. Although their premise was a limit of injunctive relief, the First Circuit recognized that some cases would always evade injunctive review. These would be cases in which the violators could stop and start the violative action, cases analogous to the judicial exception to mootness of a case capable of repetition but evading review. *Pawtuxet,* 807 F.2d at 1093–94.

This court finds the First Circuit's analysis the most compelling and, consequently, will follow the *Pawtuxet* reasoning. Therefore, the plaintiffs here may only state a claim if they properly plead an ongoing violation.

■ In their memoranda on this motion, the plaintiffs suggest that the defendants' refusal to remove the contaminated oil constitutes an ongoing violation by the defendants. The plaintiffs do not suggest of what EPA guideline. The court need not reach the issue, however, because the allegation is not in the complaint. The complaint states only that the defendants wrongfully delivered the contaminated oil. The court may not look further for allegations. Therefore, the court dismisses the complaint for failure to state a cause of action. The court will allow the plaintiffs twenty-one days to attempt to amend their complaint.

CONCLUSION

The court dismisses the complaint for failure to state a claim but allows the plaintiffs twenty-one days to amend their complaint to state a cause of action.